The decision below is hereby signed. Dated: November 16, 2006.

_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
PONLEIY LE,                        )   Case No. 06-00345
                                   )   (Chapter 13)
           Debtor.                 )

### DECISION RE PENDING MOTIONS

The chapter 13 trustee has moved for dismissal of this case with prejudice. A creditor has moved for relief from the automatic stay. The debtor has moved for more time to respond to both motions and for a continuance of the hearings set on those motions.

The case has been automatically dismissed by virtue of 11 U.S.C. § 521(i)(1) because the debtor has not filed, within 45 days of the petition date, her Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Official Form 23C). Official Form 23C is the form used to file the "statement of the amount of monthly net income, itemized to show how the amount is calculated" required to be filed pursuant to 11 U.S.C. § 521(a)(1)(B)(v). Section 521(i)(1) provides, with

exceptions of no relevance here, that:

> if an individual debtor in a voluntary case under chapter
> . . . 13 fails to file all of the information required under
> subsection (a)(1) within 45 days after the date of the
> filing of the petition, the case shall be automatically
> dismissed effective on the 46th day after the date of the
> filing of the petition.

Accordingly, the court will enter an order dismissing the case effective as of Monday, November 13, 2006 (the 46th day after the September 27, 2006, date of the filing of the petition having fallen on a Sunday, November 12, 2006).

Because a motion for relief from the automatic stay has been filed in the case, the debtor would not be able to obtain a voluntary dismissal without that dismissal being with prejudice for 180 days pursuant to 11 U.S.C. § 109(g)(2). The court will thus make the automatic dismissal under § 521(i)(1) with prejudice for 180 days: the debtor ought not through her failure to comply with § 521(a)(1)(B)(v) accomplish a dismissal without prejudice that she could not accomplish via a voluntary dismissal.

In any event, the debtor has not offered any explanation why she failed to appear at the meeting of creditors, and dismissal with prejudice is appropriate on that alternative ground.

The court will further grant the motion for relief from the automatic stay on the basis that the stay terminates upon dismissal, without the necessity of addressing whether relief from the stay would otherwise be appropriate.

The debtor's motions will be denied.  Dismissal under § 521(i) is automatic, so an attorney could do nothing to prevent the dismissal of the case.  Moreover, the debtor could readily have responded to the straightforward allegations of the trustee's motion to dismiss.  The timing of the debtor's motions, and their barebones character, suggests they were filed merely for the purposes of delay.

An order follows.

[Signed and dated above.]

Copies to: Debtor; Cynthia A. Niklas, Trustee; Steven Greenfeld (attorney for creditor).